# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM R. FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-10-468-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Pursuant to 42 U. S. C. § 405(g), Plaintiff brought this action for judicial review of the final decision of Defendant Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's applications for disability and supplemental security income benefits under the Social Security Act. The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U. S. C. § 636(b)(1)(B).

On July 5, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 26] in which he recommended the Court affirm the Commissioner's denial of Plaintiff's applications for benefits. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

In reviewing the Commissioner's decision, the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Washington v. Shalala,* 37 F. 3d 1437, 1439-40 (10th Cir. 1994); *Castellano v. Secretary of Health & Human Servs.*, 26 F. 3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a

reasonable person might deem adequate to support the ultimate conclusion. *Castellano*, 26 F. 3d at 1028. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The decision of the Administrative Law Judge ("ALJ") in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects. *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

In support of his request for reversal of the Commissioner's decision, Plaintiff contends the ALJ's assessment of his residual functional capacity ("RFC") is not supported by substantial evidence. He also contends the ALJ erred in assessing his credibility regarding the severity of his pain and resulting limitations on his activities. Additionally, Plaintiff argued the ALJ improperly rejected the testimony of a vocational expert regarding the availability of jobs which Plaintiff could perform.[1]

In the Report and Recommendation, the Magistrate Judge considered and rejected these contentions. In his objection to the Report and Recommendation, Plaintiff reasserts his arguments. He offers no new authority in support of his contentions.

---

[1] Plaintiff's objection does not address an additional contention, raised and discussed in the Report and Recommendation, regarding the fact that Plaintiff initially applied for disability benefits in 2005. That application was denied, and Plaintiff did not appeal the decision; the ALJ had noted the previous application, but found no basis for reopening that decision. *See* Report and Recommendation at page 4; Transcript, page 15. In this action, Plaintiff initially argued the Commissioner should have reopened the prior proceeding. In the Report and Recommendation, the Magistrate Judge correctly notes that this Court's jurisdiction does not extend to the Commissioner's refusal to reopen a claim unless the claimant raises a colorable constitutional claim. *Blair v. Apfel*, 229 F. 3d 1294, 1295 (10th Cir. 2000). Because Plaintiff does not assert a constitutional claim, this Court lacks jurisdiction to consider the contention that the Commissioner should have reopened proceedings. Inasmuch as Plaintiff does not object to that conclusion, the issue is deemed waived and does not need to be addressed herein.

Plaintiff claims he is disabled because of "bad discs" in his back, pinched nerves, high blood pressure, headaches, and problems with his feet, hands, back and legs. The record reflects he has a high school education, and he was previously employed as a bricklayer. According to Plaintiff, he stopped working in 2003 because of his impairments.

In the Report and Recommendation, the Magistrate Judge discussed the findings and conclusions of the ALJ with regard to these issues. He concluded the ALJ correctly applied the law, and the ALJ's decision was supported by substantial evidence in the record.

In reaching that conclusion, the Magistrate Judge discussed at length the medical evidence in the record. That discussion, at pages 5 through 8 of the Report and Recommendation, accurately reflects the evidence and is adopted at though fully set forth herein. In summary, the record reflects Plaintiff sought treatment following a 2003 fall at his job site; the record reflects x-rays showed no injury other than contusions, and Plaintiff received pain medication and underwent physical therapy. Thereafter, he reported improvement, but continued to be sore; he was prescribed anti-inflammatory medication for cervical disc degeneration. As the Magistrate Judge noted, the next medical records reflect treatment in 2006 for elbow strain and, subsequently, for neck and back pain and occasional numbness in his hands and arm. An MRI revealed degenerative disc disease in his cervical spine, and the treating physician prescribed pain medication. At that time, the physician's record reflects Plaintiff had also contracted Hepatitis C viral infection, but no treatment was prescribed.

Records of a 2007 examination reflect Plaintiff did not want to have surgery because of the cost; he was again prescribed pain medication. The treating physician noted the medication would be reduced to wean Plaintiff off the narcotic medication. He was later prescribed non-narcotic pain medication and patches. In 2008, Plaintiff was treated for a broken arm after he was assaulted with

a baseball bat; no long-term effects were noted in followup examinations.

As the Magistrate Judge noted, the medical evidence shows that Plaintiff's physical examinations during the relevant time period reflect he had a full range of motion of his cervical spine, good grip strength, gait, and no neurological deficits. There is no indication in the records that any physician found his degenerative disc disease or hypertension prevented him from working. The Court agrees that the ALJ's discussion of the medical history reflect no error in this regard.

The Magistrate Judge also fully considered and discussed Plaintiff's contention that the ALJ failed to adequately assess his complaints of disabling pain and erred in evaluating Plaintiff's credibility with regard to his pain complaints. Although the ALJ found Plaintiff had severe impairments due to degenerative disc disease and hypertension, he found the evidence established these did not satisfy the Listing of Impairments required by the Social Security Administration to conclude Plaintiff was disabled. The ALJ then considered Plaintiff's subjective complaints of pain and concluded the medical evidence did not support the level of pain Plaintiff claimed.

The Magistrate Judge discussed the law governing credibility assessments, compared the applicable legal standards to the ALJ's findings and the evidence in the record, and concluded the ALJ did not err in his evaluation of Plaintiff's credibility regarding his complaints of pain. The Court agrees the ALJ did not err in applying the law or in his assessment of the evidence. The Magistrate Judge's discussion at pages 8 through 11 of the Report and Recommendation is adopted as though fully set forth herein.

In his objection to the Report and Recommendation, Plaintiff notes that the Magistrate Judge referred to the sparse medical evidence in the record; he contends, as he did in pursuing this appeal, that he was unable to seek additional medical treatment because he could not afford to do so. The

Magistrate Judge also addressed that contention in the Report and Recommendation. As he correctly concluded, Plaintiff's claims must be evaluated according to the evidence in the existing medical record. That record establishes that no physician has opined that Plaintiff is unable to work. All treating medical providers have noted his full or nearly full range of movement in his neck, back, and upper extremities, as well as the absence of neurological defects. No treating physician has opined that hypertension prevents Plaintiff from working. Plaintiff offers no authority suggesting that his lack of financial resources is a factor to be considered in determining whether he is unable to work because of his claimed disabilities.

Finally, the Magistrate Judge addressed Plaintiff's contention that the ALJ erred in failing to consider the testimony of the vocational expert who testified at the hearing conducted by the ALJ. The record reflects the ALJ asked the expert a hypothetical question, inquiring about the availability of jobs for an individual who could not maintain presence at a workstation for a full eight-hour day and who would be required to rest or recline for two to three hours during a work day. The expert responded that no work would be available for that hypothetical individual.

Plaintiff argues the ALJ was required to apply the response to his personal situation. However, as the Magistrate Judge pointed out, the limitations contained in the hypothetical question did not apply to Plaintiff because the ALJ concluded the evidence showed he did not have those limitations. The ALJ instead concluded the evidence showed Plaintiff could perform light work with some limitations in head movement and fine finger manipulation; the vocational expert testified that there are jobs available for individuals having such limitations. The Court agrees that the ALJ did not err in this regard, and his conclusion is supported by substantial evidence in the record.

Having reviewed the matter *de novo*, the Court concludes the Magistrate Judge was correct

in his determination that the ALJ's decision is supported by substantial evidence in the record, and it is not based on legal error. Accordingly, the Report and Recommendation [Doc. No. 26] is adopted as though fully set forth in this Order. The decision of the Commissioner denying Plaintiff's applications for disability and supplemental security income benefits is affirmed. Judgment shall be entered in accordance with this Order.

IT IS SO ORDERED this 17th day of August, 2011.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE